GORSUCH, Circuit Judge,
concurring in the judgment.
When this dispute began, Colorado law provided that 15-year old minors could receive a permit to practice driving under the supervision of a “parent, stepparent, or guardian” before becoming eligible for a full driver’s license at age 16. Colo.Rev. Stat. § 42-2-106. The public safety rationale for this statute was obvious: to ensure that new, minor, and as-yet unlicensed, drivers operated under the care of someone with lawful authority to control their conduct on the roads. At the same time, the guardian discussed in the statute didn’t have to be a person with full guardianship authority. Instead, it could be an individual with authority limited solely to overseeing the child’s driving. See Colo. Rev.Stat. § 15-14-102(4) (recognizing limited guardianships); Colo.Rev.Stat. § 15-14-105 (“a parent or guardian” may delegate “any power,” however small, “regarding care, custody, or property” of a child to another). Under Colorado law, then, Ms. Barber was free simply to sign a piece of paper — no court involvement or other formality required — giving any person of her choosing authority to supervise (only) her daughter’s practice driving sessions. Plaintiffs have admitted that they never considered, and would never have agreed to, this option. But no one has shown why this option — designed to ensure that 15 year-old minors operate motor vehicles under the supervision of an adult with lawful authority over them — discriminated against the handicapped, such that the need for a remedial interactive process aimed at finding a reasonable accommodation was triggered. Alexander v. Choate, 469 U.S. 287, 301, 105 S.Ct. 712, 83 *1234 L.Ed.2d 661 (1985); see also Wisconsin Comty. Servs. v. City of Milwaukee, 465 F.3d 737, 751 (7th Cir.2006) (en banc) (reasonable accommodation is required only if it is “necessary to avoid discrimination on the basis of a disability”) (emphases deleted); Mark H. v. Lemahieu, 513 F.3d 922, 937 (9th Cir.2008) (“reasonable modifications” to state regulatory schemes are required if but only if “necessary to correct for instances” where disabled persons are “prevented from enjoying ‘meaningful access’ to a benefit because of their disability”) (emphasis deleted). To be sure, had Colorado law imposed more onerous restrictions on handicapped persons — for example, forcing them to assign away full guardianship rights, or to endure needless bureaucratic red tape — -we would have a very different case. But Colorado law did no such thing.[1]
If Colorado law had discriminated on the basis of disability, in violation of the Rehabilitation Act, the State defendants argue they still shouldn’t be held liable, in part because they were bound to follow State law unless and until the State legislature stepped in to change State law. But a state law at odds with a valid Act of Congress is no law at all. M’Culloch v. Maryland, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819); U.S. Const. art. VI, cl. 2 (Supremacy Clause). Accordingly, the demands of the federal Rehabilitation Act do not yield to state laws that discriminate against the disabled; it works the other way around. See Quinones v. City of Evanston, Ill., 58 F.3d 275, 277 (7th Cir.1995). State officials who rely on their compliance with discriminatory state laws as evidence of their reasonableness will normally find themselves proving their own liability, not shielding themselves from it. That result is avoided here only because the Colorado law in question was not discriminatory.

. Plaintiffs argue that, in a February 23, 2005 letter, the State misrepresented Colorado law by asking Ms. Barber to sign a document giving full, not limited, guardianship authority to another person. The letter, however, simply stated that, for the "youngest of drivers just learning to drive,” State law required "that they be under the direct and immediate supervision of someone with full parental authority.” By definition, a limited guardian has full parental authority, albeit for prescribed purposes, sometimes even very modest purposes (such as the supervision of a minor while driving). The State thus did not misrepresent to plaintiffs the availability or nature of its limited guardianship statutes.